UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| US WOOD PRODUCTS, INC., | Bankruptcy Case No. 00-03198 (MFW) |
| Debtor. | |

---

| | |
|---|---|
| PANOLAM INDUSTRIES, INC., *et al.*, | |
| Appellants, | Civil Action No. 1:04-cv-01265 (SLR) |
| V. | |
| MONTAGUE S. CLAYBROOK, | |
| Appellee. | |

---

## OPENING BRIEF OF APPELLANT, PANOLAM INDUSTRIES, INC.

PEPPER HAMILTON LLP
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Attorneys for Appellant, Panolam Industries, Inc.
Hercules Plaza, Suite 5100
1313 North Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Donald J. Hutchinson
Attorney for Appellant, Panolam Industries, Inc.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Dated: October 7, 2005

TABLE OF AUTHORITIES .................................................................................... iii

STATEMENT OF THE COURT'S JURISDICTION ...................................................... 1

STATEMENT OF THE CASE ................................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................... 2

LEGAL ARGUMENT ............................................................................................. 4

    I.      The plain language of § 546(a)(1)(B) does not grant an interim
            trustee appointed under Bankruptcy Code § 701 an additional year to
            commence avoidance actions ........................................................................ 4

    II.     Section § 546(a) is not ambiguous, and therefore resort to the
            legislative history for "interpretation" of the statute is inappropriate. ...... 11

    III.    In any event, the legislative history cited by the trustee does not
            support the trustee's interpretation of § 546(a)(1)(B) ................................. 15

    IV.    The literal application of § 546(a)(1)(B) to the facts of this case will
            not produce a result that is demonstrable at odds with the intentions
            of Congress ............................................................................................... 19

    V.     The literal application of the plain language of § 546(a) to the facts
            of this case does not produce "absurd" or "futile" results ......................... 25

CONCLUSION ....................................................................................................... 27

CERTIFICATE OF SERVICE ................................................................................... 28

## TABLE OF AUTHORITIES

## CASES

*In re Allied Digital Technologies Corp.*,
    300 B.R. 616 (Bankr.D.Del. 2003).................................................................20-22

*In re American Pad & Paper*,
    319 B.R. 791 (D.Del. 2005)................................................................................9-10

*In re Coastal Group*, 13 F.3d 81 (3d Cir. 1994) ..................................................... 22

*In re Crowe Rope Indus., LLC*, 311 B.R. 313 (Bankr.D.Me. 2004) ....................... 8

*In re Dublin Securities, Inc.*, 214 F.3d 773 (6th Cir. 2000) .................................... 22

*Dutton v. Wolpoff and Abramson*, 5 F.3d 649 (3rd Cir. 1993) .............................. 20

*In re First Merchants Acceptance Corp.*, 198 F.3d 394
    (3d Cir. 1999) ...................................................................................... 19-20, 24

*In re Frank Santora Equipment Corp.*, 231 B.R. 486 (E.D.N.Y.  1999)............... 23

*Garcia v. United States*, 469 U.S. 70 (1984), *reh. den* .................................... 17, 19

*Gleischman, Sumner Cp. v. King, Weiser, Edelman & Bozar*, 69 F.3d 799
    (7th Cir. 1995) ............................................................................................. 22

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) ................................... 19

*In re Hanna*, 72 F.3d 114 (9th Cir. 1995) ............................................................. 23

*In re IRFM, Inc.*, 65 F.3d 778 (9th Cir. 1995) ....................................................... 23

*In re Maxway Corp.*, 27 F.3d 980 (4th Cir. 1994), *cert. den., Maurice
    Sporting Goods v. Maxway Corp.*, 513 U.S. 1018 (1994) (same)................... 22

*In re Mehta*, 310 F.3d 308 (3d Cir. 2002)............................................................. 14

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101
    F.3d 1492 (3d Cir. 1996) ............................................................................. 14

## TABLE OF AUTHORITIES (continued)

*In re Parmetex*, 199 F.3d 1029 (9th Cir. 1999) ...............................7, 20-22

*Public Citizen v. U.S. Department of Justice*, 491 U.S. 440 (1989) ...................... 19

*Richards v. United States*, 369 U.S. 1, 82 S. Ct. 585,
　　7 L. Ed. 2d 492 (1962)................................................................... 19

*In re SSS Enterprises, Inc.*, 145 B.R. 915 (Bankr.N.D.Ill. 1992) .......................... 23

*In re San Joaquin Roast Beef*, 7 F.3d 1413 (9th Cir. 1993).................................... 23

*In re Softwaire Centre International, Inc.*, 994 F.2d 682 (9th Cir. 1993) ............. 22

*United States v. Ron Pair Enterprises*, 489 U.S. 235, 103 L. Ed. 2d 290,
　　109 S. Ct. 1026 (1989)................................................................ 14

*In re Whittaker*, 882 F.2d 791 (3d Cir. 1989) ......................................... 14

## STATUTES/RULES

11 U.S.C. § 341 ................................................................ 1,8,10

11 U.S.C. § 546(a)............................................................... 2-25

11 U.S.C. § 547 ................................................................ 2, 4, 12

11 U.S.C. § 701 ......................................... 1, 3, 5, 7, 9, 11, 16, 19-25

11 U.S.C. § 702 .....................................2-8, 10-14, 20-22, 24-25

11 U.S.C. § 926(a)........................................................... 12, 15

## OTHER

140 Cong. Rec. H10768 ....................................................... 15

140 Cong. Rec. S14465........................................................ 15-16

140 Cong. Rec. S14750........................................................ 17-18

## STATEMENT OF THE COURT'S JURISDICTION

This is an appeal, by Panolam Industries, Inc. ("Panolam"), of an order of the bankruptcy court below denying Panolam's motion to dismiss bankruptcy trustee, Montague Claybrook's bankruptcy preference complaint against Panolam as barred by the statute of limitations. The bankruptcy court's order was an interlocutory order. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(3) because the Court granted Panolam's motion for leave to appeal the bankruptcy court's order.

## STATEMENT OF THE CASE

The facts pertaining to this appeal are undisputed and are a matter of record in the bankruptcy court below. The underlying bankruptcy case of U.S. Wood Products, Inc. was commenced when the debtor filed its voluntary bankruptcy petition in the bankruptcy court below on July 31, 2000. The bankruptcy case was initially filed as a chapter 11 reorganization case, but was converted to a chapter 7 liquidation by an order of the bankruptcy court entered on July 29, 2002. On July 30, 2002, the United States Trustee appointed Appellee, Montague Claybrook, as the interim chapter 7 bankruptcy trustee, pursuant to Bankruptcy Code § 701(a)(1), 11 U.S.C. § 701(a)(1).

The Bankruptcy Code § 341 first meeting of creditors in the chapter 7 segment of the case was not held until April 7, 2004, more than 20 months after the conversion of the case to chapter 7 and the appointment of Mr. Claybrook as interim trustee. Because the creditors attending the § 341 meeting did not request the election of trustee, Mr.

Claybrook has continued to serve as trustee in the case, as specified in Bankruptcy Code § 702(d), 11 U.S.C. § 702(d).

On June 5, 2003, Mr. Claybrook, as trustee, filed his complaint commencing this adversary proceeding against Panolam. The trustee's complaint seeks to avoid and recover from Panolam as preferences, under Bankruptcy Code § 547, 11 U.S.C. § 547, certain payments that were made by the debtor to Panolam within the last 90 days before the Debtor's July 31, 2000 bankruptcy filing.

Panolam filed a motion in the bankruptcy court to dismiss the trustee's lawsuit as time-barred by the 2-year statute of limitations contained in Bankruptcy Code § 546(a)(1)(A), 11 U.S.C. § 546(a)(1)(A). The trustee's response contended that his July 30, 2002 appointment as interim trustee under Bankruptcy Code § 701 was an event which triggered the § 546(a)(1)(B) one-year extension of the limitations period. The bankruptcy court's written opinion agreed with the trustee and declined to grant Panolam's motion to dismiss.

## SUMMARY OF THE ARGUMENT

Section 546(a)(1) of the Bankruptcy Code limits the time within which an action may be brought to avoid a transfer under § 547 of the Bankruptcy Code of the later of "(A) 2 years after the entry of the order for relief or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A) . . . ." 11 U.S.C. § 546(a). In the present cases, the 2-year statute of limitations set forth in § 546(a)(1)(A) expired on July 31, 2002, the 2-year anniversary of

the court's entry of the order for relief in this case.[1]  No trustee was appointed or elected under §§ 702, 1104, 1163, 1202, or 1302, within that initial 2-year period or otherwise. Mr. Claybrook was appointed interim Chapter 7 Trustee under Bankruptcy Code § 701, not one of the sections enumerated in Bankruptcy Code § 546(a)(1)(B).  Consequently, the statute of limitations expired on July 31, 2002.

The Trustee's complaint commencing this adversary proceeding was filed on June 5, 2003, eleven months after the expiration of the § 546(a) statute of limitations on July 31, 2002.  The bankruptcy court should therefore have dismissed the Trustee's complaint as barred by the statute of limitations contained in § 546(a) of the Bankruptcy Code.

Instead, the bankruptcy court, without justification, departed from the plain language of § 546(a) to declare that the trustee's appointment as interim trustee, under Bankruptcy Code § 701, triggered the 1-year extension of the limitations period.  Because the bankruptcy court's order defied the plain language and meaning of § 546(a), it should be reversed.

The bankruptcy court's disregard of the plain language of § 546(a) is unjustifiable for three reasons.  First, § 546(a) is not ambiguous.  Second, the literal application of § 546(a) as written to the facts of this case is not contrary to any clearly expressed intention of Congress.  Third, the literal application of § 546(a) to this case does not produce an absurd result.

---

[1]    In a voluntary bankruptcy case, such as this one, Bankruptcy Code § 301, 11 U.S.C. § 301, specifies, "The Commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."

## LEGAL ARGUMENT

I.    **The plain language of § 546(a)(1)(B) does not grant an interim trustee appointed under Bankruptcy Code § 701 an additional year to commence avoidance actions.**

Bankruptcy Code § 546(a) states, in its entirety, as follows:

**§ 546. Limitations on avoiding powers.**

(a)    An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1)    the later of—

(A)    2 years after the entry of the order for relief; or

(B)    1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2)    the time the case is closed or dismissed.

11 U.S.C. § 546(a).

The trustee's lawsuit against Panolam is "an action or proceeding under section . . . 547" of the Bankruptcy Code and therefore comes within the § 546(a) statute of limitations. Bankruptcy Code § 546(a)(1)(B) provides that the statute of limitations to commence preference-avoidance lawsuits is extended to "1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A)." In the present case, no trustee was ever elected or appointed under § 702, 1104, 1163, 1202, or 1302 of the Bankruptcy Code.

The appointment of an interim trustee under § 701 of the Bankruptcy Code prior to the two-year anniversary of the order for relief, as was done in this case, does not affect the limitations period in § 546(a) because § 701 is not one of the sections enumerated in § 546(a)(1)(B) that could add an additional year to the limitations period. To construe this statute to grant a 1-year enlargement of the limitations period triggered by Mr. Claybrook's July 30, 2002 appointment as interim trustee under Bankruptcy Code § 701, one would either have to read the language "under section 702, 1104, 1163, 1202, or 1302 of this title" right out of the statute or else read it as if § 701 appeared in the statute. Either of these interpretations would contradict the plain language of the statute.

Nevertheless, the bankruptcy court below held that the appointment of Mr. Claybrook as interim trustee on July 30, 2002 did indeed trigger the 1-year extension of the limitations period under § 546(a)(1)(B). *See Bankruptcy Court August 20, 2004 Opinion*, pages 8-9. To reach this conclusion, the bankruptcy court focused on and misconstrued the meaning of the "appointment or election" language contained in § 546(a)(1)(B):

> The Trustee also argues that this conclusion is supported by the language of section 546(a)(1)(B) which states that the additional one year is triggered by the "appointment or election of the first trustee." Thus, he argues that section 546(a)(1)(B) is triggered by the election of a permanent trustee *or by the appointment of an interim trustee under section 701 and 702(d).*

> The Defendants, however, argue that this interpretation is not mandated by the language of section 546. They note that the "appointment or election" language is included because the other sections listed in section 546(a)(1)(B) – sections 1104, 1163, 1202 and 1302 – provide for both appointment and election of trustees. *See In re Lucas Dallas, Inc.*, 185 B.R. 801, 806 n. 5 (B.A.P. 9th Cir. 1995) ("Every section listed, other than

section 702, refers to the 'appointment' of a trustee. Congress thus used 'appointment' as a generic term to indicate the event under the relevant sections that triggers the two-year statute of limitations.").

We agree with the Trustee that if the trigger date for extending the statute of limitations is only the "election" of a trustee under section 702, which practically never happens, then it would not be consistent with the language of section 546. Section 546 gives an extension of the statute of limitations to trustees who are elected or appointed under, *inter alia*, section 702. An interim trustee is appointed and *becomes a section 702 trustee* if no trustee is elected. Therefore, we conclude that an interim trustee, who is appointed within two years of the order for relief *and who becomes the permanent trustee by operation of section 702(d)*, is entitled to the extension of the statute of limitations provided by section 546(a)(1)(B).

Since the Trustee was appointed within the two years of the order for relief and became the permanent trustee under section 702(d) *when no trustee was elected*, he is entitled to the one year extension of time to file avoidance actions granted by section 546(a)(1)(B).

*Id.* (emphasis added).

The bankruptcy court's reasoning here is undermined by a number of logical errors. The reason that Bankruptcy Code § 546(a)(1)(B) uses both "appointment" and "election" is that some of the statutes specifically enumerated in § 546(a)(1)(B) *only* provide for the *appointment* of a trustee—e.g., §§ 1163, 1202, and 1302, § 702 *only* provides for the *election* if a trustee, and § 1104 provides for both the appointment and election of a trustee. Given this structure of § 546(a)(1)(B), it was wrong for the bankruptcy court below to read the statute as if it read, ". . . the appointment of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title or the election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title." It makes no more

sense to connect the word "appointment" to Bankruptcy Code § 702[2] than it does to connect the word "election" to §§ 1163, 1202, and 1302, but this is what the bankruptcy court did. Once having accepted the mistaken premise that "the appointment of the first trustee under section 702" is a defined triggering event under § 546(a)(1)(B), the bankruptcy court then jumped to the mistaken conclusion that "the appointment . . . of the first trustee under section 702" must refer to the appointment of an interim trustee under § 701, since the interim trustee can—some time after his appointment as interim trustee and not in all cases—"become a section 702 trustee" if the creditors in the case choose not to elect their own trustee at the Bankruptcy Code § 541 first meeting of creditors.

The second error in the bankruptcy court's reasoning was to equate Mr. Claybrook's "becoming" a "section 702 trustee" with a hypothetical "appointment" under § 702. Bankruptcy Code § 701 is the only section that provides for the appointment of trustees in Chapter 7. Section 702 (titled "election of trustee") does not. *In re Parmetex*, 199 F.3d 1029, 1033 (9th Cir. 1999). Section 702(d) merely provides that trustees already appointed under § 701 shall continue to serve in the case if no trustee is elected under § 702.[3] To construe Mr. Claybrook's appointment as if it took place "under section 702," as § 546(a)(1)(B) specifies, the bankruptcy court had to "interpret" § 702(d) beyond the boundaries of its plain meaning.

Third, § 546(a)(1)(B) explicitly says that the "election or appointment" of a trustee triggers the 1-year extension of the limitations period only if the appointment or election

---

[2]    Section 702 is entitled, "Election of trustee."

[3]    Bankruptcy Code § 702(d) says, "If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case."

actually occurs within 2 years after the commencement of the bankruptcy case. Even if Bankruptcy Code § 702(d) could properly be construed to provide for the "appointment" of a trustee, Mr. Claybrook's "appointment" under § 702(d) occurred, at the earliest, when the § 541 first meeting of creditors was held, on April 7, 2004. The theoretical § 702(d) appointment of a trustee only takes place when the Bankruptcy Code § 341 first meeting of creditors is held, and then only if the creditors do not exercise their right to elect their own choice of trustee. This is made clear by § 702(b):

### § 702. Election of trustee.

\*   \*   \*

(b)    At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.

11 U.S.C. § 702(b).

In the present case, the Bankruptcy Code § 341 meeting of creditors was held on April 7, 2004, more than *three* years after the commencement of the bankruptcy case. The trustee's "appointment" under § 702(d)—by default of the creditors' requesting an election of their own choice of trustee—thus occurred on April 7, 2004. *In re Crowe Rope Indus., LLC*, 311 B.R. 313, 315 (Bankr.D.Me. 2004). This was too late to trigger the 1-year extension of the limitations period, because the initial, 2-year limitations period had already expired on July 31, 2002, some 20 months earlier. *Id.*

Finally, the bankruptcy court was mistaken to the extent it relied on *In re Lucas Dallas, Inc.*, 185 B.R. 801, 806 n. 5 (B.A.P. 9th Cir. 1995) to construe the § 546(a) statute of limitations in the present case. As explained below, the § 546(a) statute of limitations was substantially re-worked by Congress in 1994 because the pre-1994 version of § 546(a) contained inherent ambiguities, and it was this pre-1994 version of the statute with which the *Lucas Dallas* court was grappling. The present case is governed by the amended version of § 546(a), which contains no such ambiguities.

In *In re American Pad & Paper*, 319 B.R. 791 (D.Del. 2005), Judge Jordan, of this Court, rejected the interpretation of § 546(a) that the bankruptcy court below adopted in the present case:

> The Appellant argues that the appointment of an interim trustee under 11 U.S.C. § 701 should have the same effect on the calculation of the statute of limitations period as does the appointment or election of a trustee under the code sections expressly listed in subsection (B) of section 546. The Appellant argues that this must be the case because to hold otherwise would produce inconsistent and absurd results, contravene Congressional intent, and lead to a constitutionally defective interpretation of the statute. To hold otherwise would also, of course, prevent Appellant from pursuing the numerous adversary actions he wants to pursue. I disagree with the Appellant's arguments because the statute is plain in its language and constitutional in its effect here.
>
> With respect to each of his arguments, including the argument that a literal interpretation of the statute would produce inconsistent and absurd results, the Appellant effectively acknowledges that he is arguing for a statutory interpretation contrary to the plain language of section 546. (See D.I. 9 at 11-16.) The Appellant contends, however, that, under a literal interpretation, parties are not put on notice as to when avoidance actions must be commenced. (Id. at 15.) That assertion is meritless. Although different factual scenarios will produce different results, the results are always established according to the same criteria and, therefore, the parties have notice of when certain actions must be commenced. The application of the statute is not complex: if, for example, a trustee is elected or

appointed under section 702 within two years from the entry of the order of relief, then the trustee is granted an additional year from the date of his or her appointment or election to commence the avoidance action.

As for the argument that congressional intent is contravened by a literal interpretation of the statute, the Supreme Court has clearly stated that "Congress says in a statute what it means and means in a statute what it says there." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 147 L. Ed. 2d 1, 120 S. Ct. 1942 (2000). It might also be argued that a recent Third Circuit case, *In re Price*, 370 F.3d 362 (3d Cir. 2004), supports Appellant's assertion that section should be read as a whole and in the context of the Bankruptcy Code to extend the limitations period in a circumstance like this. In that case, however, the Third Circuit stated that "policy, pre-Code practice, and such other tools of construction are to be relied upon only when, ultimately, the meaning of a provision is not plain." *In re Price*, 370 F.3d at 369. As noted above, the meaning of section 546(a) is clear and, therefore, I must presume that Congress intended its plain meaning. *Hartford Underwriters*, 530 U.S. at 6.

*Id.* at 794.

There is only one fact that distinguishes *American Pad* from the instant case, and it is not material. In *American Pad*, at the § 341 meeting, the creditors exercised their right under Bankruptcy 702(c) to elect a trustee different from the interim trustee previously appointed under § 701. *id.* at 793, whereas no trustee was ever elected in the present case. The bankruptcy court would consider this distinction material because the interim trustee in *American Pad* never "became" a "section 702" trustee by virtue of § 702(d) because the *American Pad* creditors exercised their right to elect a substitute. However, to follow this line of reasoning should have required the bankruptcy court to concede that the "appointment" of Mr. Claybrook "under section 702" did not occur until the creditors declined at the § 341 meeting—on April 7, 2004, well after the expiration of the initial 2-year limitation period under Bankruptcy Code § 546(a)(1)(A)—and §

546(a)(1)(B) explicitly grants the 1-year extension to the limitations period only if "such appointment or such election occurs before the expiration of the period specified in subparagraph (A)."

The bankruptcy court's decision to deny Panolam's motion to dismiss was based wholly on a superficial and mistaken reading of the language of the § 546(a) statute of limitations. The bankruptcy court did not base its conclusion on considerations of public policy or evidence of legislative intent. Because the bankruptcy court misread the statute, and the correct reading of the statute bars the trustee's complaint against Panolam, this Court should reverse and remand the bankruptcy court's decision with instructions to dismiss the trustee's complaint against Panolam.

II.    **Section 546(a) is not ambiguous, and therefore resort to the legislative history for "interpretation" of the statute is inappropriate.**

Alternatively, the trustee argued in the bankruptcy court below that § 546(a)(1)(B) is ambiguous and therefore requires "interpretation" in light of available evidence of the Congress' purpose in enacting it, such as a resort to legislative history. (The bankruptcy court jumped right to the "interpretation" phase of the analysis without first finding that the language of the statute was ambiguous.) Once again, that ambiguity is introduced to the statute by Congress' use of the word "appointment." He may argue that no trustee can be "appointed" under Bankruptcy Code § 702, and therefore, Congress must have meant to enumerate § 701 when it accidentally enumerated § 702 instead.

On the contrary, as explained above, Congress' choice of the phrase "appointment or election" is entirely consistent with its decision to enumerate only §§ 702, 1104, 1163,

1202, and 1302 of the Bankruptcy Code as triggering events. While it is clear that no trustee is "appointed" under Bankruptcy Code § 702, it is equally true that no trustee is "elected" under §§ 1163, 1202, or 1302. A trustee can be "appointed" or "elected" *only* under § 1104, among all the sections enumerated in § 546(a)(1)(B). Congress' use of "appointment or election" can thus rationally be squared with its intent to embrace all of the enumerated Bankruptcy Code sections—702, 1104, 1163, 1202, and 1302—but no more than these enumerated sections. In this respect, it is instructive to note that Congress also chose to omit Bankruptcy Code § 926(a) from the list of events triggering the one-year extension of the limitations period in § 546(a)(1)(B), even though § 926(a), like § 701, calls for the appointment of a trustee.

The pre-1994 version of § 546(a) was different, to be sure. Before 1994, § 546(a) read:

> (a)    an action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1)    two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or
>
> (2)    the time the case is closed or dismissed.

In the prior version, the collision of the words "appointment" and "section 702" created a contradiction or ambiguity in the former § 546(a)(1). However, Congress' addition of the words "or election" to the present version of the statute both successfully clears up any ambiguity in the statute and *reinforces* Congress' intent deliberately not to

include appointment of a trustee under Bankruptcy § 701 as one of the enumerated triggering events.

The court in *In re Parmatex, Inc.*, 199 F.3d 1029 (9th Cir. 1999), in dictum, asserts that Congress' addition of the phrase "or election" to the current version of § 546(a) does not somehow suffice to clear up the ambiguity contained in the pre-1994 version of the statute:

> The dissent also argues that the 1994 amendments to the Bankruptcy Code support a contrary interpretation of § 546 because those amendments add the phrase "or election" to the statute. The amended statute, however, does not clear up the prior ambiguity. . . .

* * *

> . . . Although the added phrase "or election," could suggest that the unamended § 546(a) applies to only the permanent trustee, the statute also now contains the phrase "first trustee." The added "first trustee" language suggests that the statute of limitations should be applied to the interim trustee because the interim trustee is the "first trustee." These contradictory changes do not help to clear up the confusion present in the unamended version of § 546(a).

*Parmatex, supra*, 199 F.3d at 1034.

In the *Parmatex* case, the court was construing and applying the pre-1994 version of § 546(a), and its comments concerning the ambiguity or lack thereof in the present form of the statute are therefore dictum, and not persuasive dictum at that. Even so, the current statute's phrase, "first trustee," does not, as the *Parmatex* court erroneously suggested, contradict the phrase "under section 702, 1104, 1163, 1202, or 1302 of this title." Rather, "first trustee" simply *modifies* and *narrows* the succeeding phrase. The consequence is that the 1-year supplement to the 2-year statute of limitations begins to

run, and runs only once, from the time the first of the trustees to be appointed or elected under section 702, 1104, 1163, 1202, or 1302 is either appointed or elected. In those cases in which more than one trustee is appointed or elected under section 702, 1104, 1163, 1202, or 1302 within the first 2 years after the entry of the order for relief, the second election or appointment of a trustee under section 702, 1104, 1163, 1202, or 1302 will not start a second 1-year supplement to the statute of limitations. That is all that is meant by the phrase "first trustee," and it is not ambiguous. *In re Harry Levin, Inc.*, 175 B.R. 560, 578 (Bankr.E.D.Pa. 1994) ("The amendment clarifies, by the use of the phrase 'appointment or such election,' that the limitations period only applies in chapter 7 cases to the permanent, elected section 702 chapter 7 trustee.")(dictum).

The bankruptcy court's imaginative "interpretation" of §546(a)(1)(B) stems from the bankruptcy court's unspoken assumption that the language of the section is ambiguous. Once that error is removed, the statute can simply be applied according to its own terms. No resort to the underlying legislative history is necessary to understand the statute as written or to "interpret" it in a fashion that is contrary to its plain meaning.

> We look to the text of a statute to determine congressional intent, and look to legislative history only if the text is ambiguous. *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492 (3d Cir. 1996). Where statutory language is plain and unambiguous, "'the sole function of the court is to enforce it according to its terms.'" *Id.* at 1498 (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989)).

*In re Mehta*, 310 F.3d 308, 311 (3d Cir. 2002). *See also In re Whittaker*, 882 F.2d 791, 795 (3d Cir. 1989).

**III.  In any event, the legislative history cited by the trustee does not support the trustee's interpretation of § 546(a)(1)(B).**

Even if the bankruptcy court were free, in the face of the unambiguous language of § 546(a)(1)(B), to examine the legislative history underlying the 1994 enactment of the statute in its current form, the available legislative history does not support the bankruptcy court's decision.  In context, the two snippets of legislative history selected by the trustee in support of his argument in the bankruptcy court below are as follows:

> This section clarifies section 546(a)(1) of the Bankruptcy Code which imposes a 2-year statute of limitations within which an appointed trustee must bring an avoidance action.  The purpose of a statute of limitations is to define the period of time that a party is at risk of suit. This section defines the applicable statute of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2-year period. The section is not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred.  The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.

140 Cong. Rec. H10768 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks).

> The House has added a new provision, section 216, to the Bankruptcy Reform Act and I would like to clarify my belief as to the purpose and intent of including this section. It is my understanding that the current statute of limitations contained in section 546(a) of title 11 requires that an avoidance action be brought within 2 years of the filing of a chapter 11 petition, even if a trustee or other estate representative is subsequently appointed or the case is later converted. Thus, under current law, if a trustee or other estate representative is appointed after the current 2 year statute of limitations expires, any actions which the trustee may discover are time-barred. This amendment has arisen from a perceived need to provide a period of time for a later appointed bankruptcy estate representative to investigate and institute actions.

This is yet another area of bankruptcy law that has been the subject of extensive litigation recently, and I commend the Congress for its attention to this problem. This amendment should prevent prejudice against potential defendants that would result from having to defend stale actions and should encourage estate representative to investigate and resolve actions earlier in a bankruptcy case, thus minimizing estate expenses and maximizing the value of the estate to all creditors.

140 Cong. Rec. S14465 (daily ed. Sept. 12, 1994) (statement of Sen. Hatch).

Neither of these excerpts is particular helpful to the trustee. The first excerpt is the statement of Rep. Brooks. The sentence upon which the trustee relied,

This section defines the applicable statute of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2-year period.

is just a general description of the revised statute, rather than an attempt to capture or explain its full, detailed meaning. Representative Brooks' statement does not, for example, describe what effect the *election* of a trustee within 2 years after the order for relief may have on the statute of limitations. His statement also does not describe what effect, if any, the appointment of a trustee under Bankruptcy Code §§ 701 or 926(a) might have on the statute of limitations. For those details, it is necessary to consult the actual language of the statute, as enacted. Representative Brooks' statement, general as it is, does not purport to contradict or modify the language of the pending legislation.

The first paragraph of Senator Hatch's statement, on the other hand, does contradict the statute. It was apparently Senator Hatch's understanding that a trustee appointed *after* the expiration of the 2-year statute of limitations is given a further year to investigate and pursue avoidance actions. On the contrary, the plain language of the

statute offers no such extension of the limitations period to any trustee not appointed or elected within the first 2 years after the order for relief. In any event, it is generally inappropriate to use the statements of individual members of Congress to determine what law Congress intended to enact. *Garcia v. United States*, 469 U.S. 70, 76 (1984), *reh. den.*

Like Representative Brooks' statement, Senator Hatch's remarks are otherwise silent with respect to the application of the details of the revised statute of limitations to specific situations, such as the circumstances of the present case. The remainder of Senator Hatch's remarks indicate that the proposed revisions to § 546(a)(1)(B) are meant to balance the defendant's interest in avoiding having to defend stale actions against the perceived need to provide a period of time for a late-coming bankruptcy estate representative to investigate and institute avoidance actions. In this, his remarks are echoed by those of Senator Heflin:

> Mr. HEFLIN. Mr. President, I rise today to speak about section 216 of H. R. 5116 regarding limitations on avoiding powers of the bankruptcy trustee or estate representative.
>
> The overriding purpose of any statute of limitations is to provide a definite and reasonable period of time for a plaintiff to provide potential defendants with notice of the time during which they may be at risk of suit so that they may take steps to preserve documents and witnesses necessary for their defense. The majority of circuits which have ruled on the issue regarding the statute of limitations contained in section 546(a) have held that, an avoidance action must be brought within two years of the filing of a chapter 11 petition, even if a trustee or other estate representative is subsequently appointed or the case is later converted, is intended to facilitate prompt and efficient resolution of bankruptcy cases. A need to provide a period of time for a later appointed bankruptcy estate representative to investigate and institute actions has been identified; this balances the rights of all parties by preserving the two year statute of

limitations for estate representatives, and by providing for a maximum of three years if a trustee or estate representative is appointed during the initial two year period. This amendment prevents prejudice against potential defendants that would result from having to defend stale actions and should encourage estate representatives to investigate and resolve actions earlier in a bankruptcy case, thus minimizing estate expenses and maximizing the value of the estate to all creditors.

140 Cong. Rec. S14750 (daily ed. October, 1994) (statement of Sen. Heflin).

The amended § 546(a)(1)(B) that resulted from Congress' deliberations indeed does strike a specific balance between the interests of the trustee and creditors, on one hand, and the rights of defendants in avoidance proceedings, on the other. Limiting the potential one-year extension of the statute of limitations to the specific circumstances enumerated in the statute (*i.e.*: (a) only if the trustee is appointed or elected under one of the enumerated Code provisions; (b) only if the trustee is appointed or elected within 2 years after the order for relief; and (c) only if the trustee is the first one so appointed or elected) does serve the purpose of balancing the rights of trustees and defendants, and nothing in the legislative history suggests that a different balance was intended. In short, the snippets of legislative history cited by the trustee offer no clear command to depart from the language used in the statute as enacted and impart no additional meaning to the common words and phrases chosen by Congress. The trustee reads too much into these quotes to find support for his specific argument here.

**IV.  The literal application of § 546(a)(1)(B) to the facts of this case will not produce a result that is demonstrably at odds with the intentions of Congress.**

Only in "rare" cases can the courts look beyond the literal language of an unambiguous statute to determine its true meaning:

> Admittedly, the Court has made an exception for "rare cases" in which "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982). In such situations, "those intentions must be controlling." *Id.*; *see also Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 455 (1989)("Looking beyond the naked text for guidance is perfectly proper when the result it apparently decrees is difficult to fathom or where it seems inconsistent with Congress' intention, since the plain-meaning rule is 'rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists.'")(quoting *Boston Sand & Gravel Co. v. United States*, 278 U.S. 41, 48 (1928)). Moreover, we are enjoined to interpret statutes in light of the context of the statutory scheme.  *See, e.g., Richards v. United States*, 369 U.S. 1, 10 (1962) ("[A] section of a statute should not be read in isolation from the context of the whole Act.").  Statutory interpretations "which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin*, 458 U.S. at 575.
>
> But only absurd results and "the most extraordinary showing of contrary intentions" justify a limitation on the "plain meaning" of the statutory language. *Garcia*, 469 U.S. at 75.

*In re First Merchants Acceptance Corp.*, 198 F.3d 394, 402-403 (3d Cir. 1999).

Is this one of the "rare" cases in which the Court should look beyond the unambiguous language of the statute?  It depends upon whether the trustee has made "the most extraordinary showing of contrary intentions."

As noted above, nothing in the legislative history accompanying the 1994 amendments to Bankruptcy Code § 546(a)(1)(B) establishes any Congressional intent to

grant a trustee appointed under Bankruptcy Code § 701 an additional year to investigate and commence avoidance actions. Nevertheless, one visiting judge in the Delaware bankruptcy court still managed to conclude that Congress did intend to grant a trustee appointed under Bankruptcy Code § 701 an additional year to investigate and commence avoidance actions despite the absence of § 701 among the sections enumerated in § 546(a)(1)(B):

> It appears that the Congress' intent in the revised section 546(a)(1)(B) was to give an interim trustee additional time to investigate and pursue avoidance causes of action, even though section 701 was not expressly included in section 546(a)(1)(B). Section 701 provides for the appointment of an interim trustee in a chapter 7 case. Section 702(d) states that "if an interim trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). Section 702(d) ratifies the appointment of the trustee done under 701, and as a result, a section 701 trustee becomes a section 702 trustee via section 702(d). In *In re Parmetex, Inc.*, 199 F.3d 1029, 1033 (9th Cir. 1999), the court, addressing an issue under pre-1994 section 546, concluded that the most logical interpretation of revised section 546 is that the limitation period begins to run when the interim trustee is appointed under section 701 for purposes of section 546(a), regardless of the fact that section 546(a) specifically refers to a section 702 trustee.

> Section 702(d) states that an interim trustee "shall serve" as the permanent trustee if there is no subsequent election, reinforcing that there is no practical difference between the powers of an interim trustee and those of the permanent trustee. Section 701(c) also grants the interim trustee full authority to act as the trustee in the case, pending the meeting of the creditors. "An interim trustee appointed under section 701 is the 'functional equivalent' of a permanent trustee elected under section 702. This is so because the Bankruptcy Code does not require the permanent trustee to do anything different than that which he had already been doing as the interim trustee." *Parmetex*, 199 F.3d at 1033. Although section 701 is not expressly included in section 546(a)(1)(B), the Court concludes that Congress intended to grant an additional one year to an Interim Trustee because to read the statute otherwise leads to absurd or futile results inconsistent with the overall structure of the statutory scheme. *See First*

> *Merchants Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394 (3d Cir. 1999); *Dutton v. Wolpoff and Abramson*, 5 F.3d 649 (3rd Cir. 1993).
>
> . . . "[A]lthough section 546(a) does refer to section 702 and not section 701, section 546(a) does specifically refer to the 'appointment' of trustees under certain sections of Chapters 7, 11, and 13 . . . . Section 701 is the only part of Chapter 7 that discusses the 'appointment' of Chapter 7 trustees." *Parmetex*, 199 F.3d at 1033.
>
> The Court should look to other sections cited in section 546(a)(1)(B) for assistance in determining whether the drafters intended to include section 701. Section 1104 contains appointment and election language in the same section whereas under Chapter 7, while the two concepts are separated into two sections, sections 701 and 702. The other sections mentioned in section 546(a)(1)(B) are not informative: section 1163 does not have an election component and sections 1202 and 1303 provide for a standing trustee scheme.

*In re Allied Digital Technologies Corp.*, 300 B.R. 616, 619 (Bankr.D.Del. 2003).[4]

With all due respect to the *Allied Digital* court, the logic used to deduce that Congress "intended" to grant trustees appointed under § 701 an additional year to investigate and commence avoidance actions is flawed, especially its reliance on the *Parmatex* case. Unlike the unambiguous language of the § 546(a)(1)(B) that emerged following the 1994 amendment, the *Parmatex* court was doing its best to construe and apply the pre-1994 version of § 546(a), which was inherently ambiguous on its face. The ambiguity arose from the absence of the words "or election" in the pre-1994 § 546(a)(1) and the fact that trustees are not appointed under § 702. The Ninth Circuit Court of Appeals in *Parmetex* resolved the inherent ambiguity in the statute by construing the two-year period in § 546(a)(1) as if it started to run upon the appointment of an interim trustee

---

[4]    The bankruptcy court's decision in the *Allied Digital* case is currently on appeal to this Court, in case number 03-MC-158.

under § 701. In doing so, the court struggled to support its result with reasoning such as "An interim trustee appointed under section 701 is the 'functional equivalent' of a permanent trustee elected under section 702. This is so because the Bankruptcy Code does not require the permanent trustee to do anything different than that which he had already been doing as the interim trustee." *Parmetex*, 199 F.3d at 1033. Ultimately, the *Parmatex* court resolved the ambiguity by reading "701" in the place of "702" in the former statute.

The problem with the *Allied Digital* court's reliance on *Parmatex* is that Congress amended the statute of limitations in 1994 (by adding the words "or election") to remove the ambiguity inherent in the pre-1994 version. It is unnecessary now to treat an interim trustee appointed under § 701 as if he were appointed under § 702 because "the appointment of a trustee under section 702" is no longer part of the statute.

To be sure, the *Parmatex* court was not writing on a clean slate as it struggled to interpret the pre-1994 statute. The ambiguity in the former statute led to numerous inconsistent results. Some courts held that the 2-year limitations began to run upon the order for relief in a chapter 11 case, even though no trustee had been appointed, while other courts held to the contrary. Compare *In re Softwaire Centre International, Inc.*, 994 F.2d 682, 684 (9th Cir. 1993) ("we do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor-in-possession who is the functional equivalent of an appointed trustee."); *In re Coastal Group*, 13 F.3d 81, 82 (3d Cir. 1994) (same), with *In re Dublin Securities, Inc.*, 214 F.3d 773 (6th Cir. 2000) (2-year limitations period under former § 546(a)(1) did not

begin to run until actual trustee was appointed); *Gleischman, Sumner Cp. v. King, Weiser, Edelman & Bozar*, 69 F.3d 799 (7th Cir. 1995) (same); *In re Maxway Corp.*, 27 F.3d 980 (4th Cir. 1994), *cert. den., Maurice Sporting Goods v. Maxway Corp.*, 513 U.S. 1018 (1994) (same). Similarly, some courts held that the 2-year limitations period under the former statute began to run with the appointment of the first trustee and did not begin anew upon the appointment of a successor trustee, *see, e.g., In re San Joaquin Roast Beef*, 7 F.3d 1413, 1415 (9th Cir. 1993), while other courts held that each trustee appointment started the 2-year limitations period anew, *e.g., In re Frank Santora Equip. Corp.*, 231 B.R. 486 (E.D.N.Y. 1999); *In re SSS Enterprises, Inc.*, 145 B.R. 915 (Bankr.N.D.Ill. 1992). The Ninth Circuit staked out an even more complex position. In *In re Hanna*, 72 F.3d 114 (9th Cir. 1995), the court held that the statute of limitations begins to run in a chapter 11 case upon the entry of the order for relief, but restarts—one time only—upon the appointment of the first actual chapter 11 trustee, but, in *In re IRFM, Inc.*, 65 F.3d 778 (9th Cir. 1995), the same court held that the statute of limitations began to run in a chapter 11 case upon the entry of the order for relief, and did not restart upon the appointment of a chapter 7 trustee upon conversion, despite the fact that no trustee had been appointed when the case languished in chapter 11.

What can be safely deduced from Senator Heflin's and Senator Hatch's remarks quoted above is that Congress was aware of all this litigation and intended to strike a balance between the interests of trustees and lawsuit defendants when it re-wrote § 546(a) in 1994. The amended statute removes all of the inherent ambiguity from the prior version. Yet, Congress did not take this opportunity to add § 701 to the sections

enumerated in the revised version of § 546(a)(1)(B). It is therefore at least plausible that Congress' omission of § 701 was intentional and represents the balance that Congress struck.

In this context, there is no basis for the *Allied Digital* court to have concluded otherwise: "[T]he Court concludes that Congress intended to grant an additional one year to an Interim Trustee because to read the statute otherwise leads to absurd or futile results inconsistent with the overall structure of the statutory scheme." *Allied Digital, supra*, 300 B.R. at 619. On the contrary, Congress could well have decided to limit the 1-year extension to trustees elected under §§ 702, rather than allowing the same extension to an interim trustee appointed under § 701, because active creditor effort and involvement in the case is required to request and obtain the election of a trustee under § 702, but not the appointment of a trustee under § 701. Congress could have meant, in this fashion, both to reward active creditor involvement and to expedite the administration and closing of chapter 7 cases where the creditor body is apathetic and uninvolved. Similarly, both the appointment and the election of a trustee in a chapter 11 case under § 1104 normally entails creditor participation and involvement, and such creditor diligence is rewarded with a 1-year extension of the limitations period.

Finally, Congress had an excellent opportunity just this year to revise the language of § 546(a) if the existing language did not accurately reflect Congressional intent. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Public Law 109-8, amended 135 separate sections of the Bankruptcy Code. The § 546(a) statute of limitations, however, was left untouched.

The bottom line is that there is no basis for either the *Allied Digital* court to conclude or for the bankruptcy court below to conclude that—notwithstanding the plain language of the current § 546(a)(1)(B) to the contrary—Congress intended to provide a trustee appointed under § 701 a 1-year extension of the limitations period to bring avoidance actions. Much less can the trustee make "the most extraordinary showing of contrary intentions" required by *In re First Merchants Acceptance Corp.*, 198 F.3d 394, 403 (3d Cir. 1999).

**V.    The literal application of the plain language of § 546(a) to the facts of the present case does not produce "absurd" or "futile" results.**

In this context, there is no basis for the bankruptcy court to have concluded that "an interim trustee, who is appointed within two years of the order for relief and who becomes a permanent trustee by operation of section 702(d), is entitled to the extension of the statute of limitations provided by section 546(a)(1)(B). *Bankruptcy Court's August 20, 2004 Opinion*, page 9. On the contrary, Congress could well have decided to limit the one-year extension to trustees elected under § 702, rather than allowing the same extension to an interim trustee appointed under § 701, because active creditor effort and involvement in the case is required to request and obtain the election of a trustee under § 702, but not under § 701. Congress could have meant, in this fashion, both to reward active creditor involvement and to expedite the administration and closing of chapter 7 cases where the creditor body is apathetic and uninvolved. Similarly, both the appointment and the election of a trustee in a chapter 11 case under § 1104 normally

entails creditor participation and involvement and is rewarded with a one-year extension of the limitations period. *See Lamie v. United States Trustee*, ___ U.S. ___, 124 S.Ct. 1023, 1031, 157 L.Ed.2d 1024 (2004) (Congress' 1994 amendment to Bankruptcy Code § 330(a)(1), which changed the law to preclude chapter 7 debtors' attorneys from obtaining compensation from the bankruptcy estate unless retained by the chapter 7 trustee, did not lead to absurd results requiring the Court to treat the text of the statute as if it were ambiguous.)

The bottom line is that there is no basis for either the bankruptcy court to conclude or for this Court to conclude that—notwithstanding the plain language of the current § 546(a)(1)(B) to the contrary—Congress intended to provide a trustee appointed under § 701 a one-year extension of the limitations period to bring avoidance actions. Much less can the trustee make "the most extraordinary showing of contrary intentions" required by *In re First Merchants Acceptance Corp.*, 198 F.3d 394, 403 (3d Cir. 1999).

## CONCLUSION

For all the reasons stated above, Appellant, Panolam Industries, Inc., requests that the Court enter a judgment reversing the order of the bankruptcy court below and remanding the case to the bankruptcy court with instructions to dismiss the trustee's adversary proceedings against Panolam Industries, Inc. as barred by the Bankruptcy Code § 546(a) statute of limitations.

PEPPER HAMILTON LLP

By /s/ James C. Carignan (No. 4230)
     David M. Fournier (No. 2812)
     James C. Carignan (No. 4230)
Attorneys for Appellant, Panolam Industries, Inc.
Hercules Plaza, Suite 5100
1313 North Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Donald J. Hutchinson
Attorney for Appellant, Panolam Industries, Inc.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Dated: October 7, 2005

Dated: October 7, 2005

## CERTIFICATE OF SERVICE

I, James C. Carignan, hereby certify that on the 7th day of October, 2005, a copy of the foregoing was served in the manner listed below:

**Via Hand Delivery**

Sheldon K. Rennie, Esq.
Fox Rothschild O'Brien & Frankel
919 Market Street, Suite 1400
Wilmington, DE 19801


**Via Hand Delivery**

Michael G. Menkowitz, Esq.
Fox Rothschild O'Brien & Frankel
919 Market Street, Suite 1400
Wilmington, DE 19801


**Via Hand Delivery**

Mark G. McCreary, Esq.
Fox Rothschild O'Brien & Frankel
919 Market Street, Suite 1400
Wilmington, DE 19801

_____
James C. Carignan (No. 4230)

Dated: October 7, 2005