## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| US WOOD PRODUCTS, INC., | : | Case No. 00-03198 (MFW) |
|  | : | Adversary No. 03-53656 |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| PANOLAM INDUSTRIES, INC., *et al*. | : |  |
|  | : | Civil Action No. 1:04-cv-01265 (SLR) |
| Appellants, | : |  |
| v. | : |  |
|  | : |  |
| MONTAGUE CLAYBROOK, | : |  |
| CHAPTER 7 TRUSTEE, | : |  |
| Appellee. | : |  |
|  | : |  |

Appeal from Order of the United States Bankruptcy Court
for the District of Delaware Entered August 20, 2004

_____

### ANSWERING BRIEF OF APPELLEE
### CHAPTER 7 TRUSTEE, MONTAGUE CLAYBROOK

_____

FOX ROTHSCHILD LLP

Michael G. Menkowitz, Esquire
Magdalena Schardt, Esquire
Mark G. McCreary, Esquire
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291
Tel (215) 299-2000/Fax (215) 299-2150
-and-
Sheldon K. Rennie, Esquire
Delaware Bar No. 3772
919 North Market Street, Suite 1300
Wilmington, DE  19801-3046
Tel (302) 654-7444/Fax (302) 656-8920

# TABLE OF CONTENTS

I.      **JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     **ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    **STANDARD OF APPELLATE REVIEW** . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV.     **PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V.      **STATEMENT OF THE CASE – FACTS AND PROCEDURAL HISTORY** . . . . 3

VI.     **ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        **POINT I -  THE BANKRUPTCY COURT'S DECISION THAT SECTION
                     543(a) AND SECTION 702 EXPRESSLY PROVIDE FOR A
                     ONE YEAR EXTENSION OF THE TIME PERIOD TO BRING
                     AVOIDANCE ACTIONS FROM THE DATE OF THE
                     APPOINTMENT OF THE TRUSTEE WAS PROPER** . . . . . . . . . . 7

        **POINT II - IF THE COURT DOES NOT AFFIRM THE DECISION OF
                     THE BANKRUPTCY COURT FOR THE REASONS SET
                     FORTH  IN THE BANKRUPTCY COURT'S OPINION, THIS
                     COURT SHOULD DETERMINE THAT SECTION 546(a) IS
                     AMBIGUOUS AND MUST BE INTERPRETED IN
                     ACCORDANCE WITH THE POLICY CONSIDERATIONS
                     UNDERLYING THIS SECTION AS WELL AS THE ENTIRE
                     BANKRUPTCY CODE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VII.    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

In re American Pad & Paper Co., 319 B.R. 791 (D.Del. 2005).........................14

Bergquist v. Vista Development, Inc. (In re Quality Pontiac Buick GMC Truck, Inc.), 222 B.R. 865 (Bankr. D. Minn. 1998) ........................................11

Biggs v. Biljo, Inc. (In re Goetz), 175 B.R. 743 (Bankr. C.D. Ca. 1994).........................19

In re Brown, 951 F.2d 564 (3d Cir. 1991) ...................................................1, 2

Burtch v. Georgia-Pacific Corporation (In re Allied Digital Technologies Corporation et al.), 300 B.R. 616 (Bankr. D.Del. 2003).....................................8, 10, 12, 13, 17, 19

Construction Mgt. Services, Inc. v. Manufacturers Hanover Trustee Co. (In re Coastal Group, Inc.) 13 F.3d 81(3d Cir. 1994).....................................17, 19

In re Continental Airlines, Inc., 932 F.2d 282 (3d Cir. 1991) .........................................16

Griffin v. Oceanic Contractors, Inc., 458 U.S. 564 (1982)..............................................16

In re Immenhausen Corp., 159 B.R. 45 (M.D. Fla. 1993) ..............................................1, 2

Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corporation, 337 F.3d 314 (3d Cir. 2003)..............................................................................20

Maurice Sporting Goods, Inc. v. Maxway Corporation (In re Maxway Corporation) 27 F.3d 980 (4th Cir. 1994), cert. denied 513 U.S. 1018 (1994).........................17, 18

Meridian Bank v. Alten, 958 F.2d 1226 (3d Cir. 1992).....................................................2

Moody v. Security Pac. Business Credit, Inc., 971 F.2d 1056 (3d Cir. 1992)....................2

In re Parmetex, Inc., 199 F.3d 1029 (9th Cir. 1999)....................................................10, 19

In re Price, 370 F.3d 362 (3d Cir. 2004) .....................................................................9

In re Rape, 104 B.R. 741(W.D.N.C. 1989)...................................................................1, 2

In re Sharon Steel Corp., 872 F.2d 36 (3d Cir. 1989)....................................................1, 2

In re Siciliano, 13 F.3d 748 (3d Cir. 1994)...................................................................1, 2

ii

Singer v. Kimberley-Clark Corp. (In re American Pad & Paper Co.), 307 B.R. 459
   (Bankr. D. Del. 2004) ........................................................................................13, 14

In re Telegroup, Inc., 281 F.3d 133 (3d Cir. 2002)........................................................16

In re Thornwood Associates, 162 B.R. 438 (M.D. Pa. 1993).........................................1, 2

United States v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989) ....................................16

## FEDERAL STATUTES AND RULES

11 U.S.C. 158(a) .................................................................................................................1

11 U.S.C. § 341 ...................................................................................................................6

11 U.S.C. § 546................................................................................................. 3, 5, 7-21

11 U.S.C. § 547....................................................................................................................2

11 U.S.C. § 701 ............................................................................................................ 7-19

11 U.S.C. § 702.......................................................................................3, 6-16, 28-24

28 U.S.C. § 157 ..................................................................................................................1

28 U.S.C. § 158 ..................................................................................................................1

Fed. R. Bankr. P. 8013 ......................................................................................................1

Fed. R. Bankr. P. 9019 ......................................................................................................4

PH1 772428v1 11/07/05

## I.    JURISDICTION

Pursuant to title 28 U.S.C. § 158(a), the United States District Court for the District of New Jersey has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. § 157.

This is an appeal of a bankruptcy court order denying a motion to dismiss, that is, an interlocutory order.  By order entered September 9, 2004, this Court granted leave to appeal the bankruptcy court's order, and thus, has jurisdiction to hear this appeal pursuant to 11 U.S. C. 158(a)(3) [Bankruptcy Court Docket No. 21].

## II.    ISSUES PRESENTED

The Appellant has presented the Issues on appeal in its Designation of Items for the Record on Appeal and Statement of Issues on Appeal [District Court Docket No. 6].

## III.    STANDARD OF APPELLATE REVIEW

The district court functions as an appellate court when it reviews final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a).  In re Thornwood Assocs., 162 B.R. 438, 442 (M.D. Pa. 1993); In re Immenhausen Corp., 159 B.R. 45, 47 (M.D. Fla. 1993); In re Rape, 104 B.R. 741, 747 (W.D.N.C. 1989) (citation omitted).  Pursuant to Fed. R. Bankr. P. 8013, the district court reviews the bankruptcy court's findings of fact to determine whether they are clearly erroneous.  In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994) (citations omitted); In re Brown, 951 F.2d 564, 567 (3d Cir. 1991); In re Sharon Steel Corp., 872 F.2d 36, 38 (3d Cir. 1989).  In addition, Rule 8013 provides that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.

PH1 772428v1 11/07/05

A finding of fact is "'clearly erroneous' 'when it is (1) not supported by substantial evidence; (2) contrary to the clear preponderance of the evidence, or (3) based upon an erroneous view of the law.'" In re Rape, 104 B.R. at 747. In its review of the findings of fact, the district court may "consider only the evidence presented to the bankruptcy court and made a part of the record." Id.; see also In re Thornwood, 162 B.R. at 440. Thus, the district court cannot "make its own independent factual findings." Id.; see also In re Immenhausen, 159 B.R. at 47.

With respect to questions of law, the district court must conduct a de novo review. In re Siciliano, 13 F.3d at 750; In re Brown, 951 F.2d at 567. The district court's review of the "choice, application and interpretation of legal precepts" is plenary. Sharon Steel, 872 F.2d at 39; see also Moody v. Security Pac. Business Credit, Inc., 971 F.2d 1056, 1063 (3d Cir. 1992).

Mixed questions of law and fact must be divided into their respective components and the appropriate test applied. In re Brown, 951 F.2d at 567. A mixed question of law and fact exists "whenever a legal precept is applied to the sum of the facts of a case." Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992).

## IV.    PRELIMINARY STATEMENT

This is an appeal of the bankruptcy court's order denying a motion to dismiss a complaint for the recovery of a preferential transfer pursuant to 11 U.S.C. § 547. The Appellant, Panolam Industries, Inc. (the "Appellant" or "Panolam") filed a motion to dismiss (the "Motion") the complaint filed by Montague Claybrook, the Chapter 7 trustee (the "Appellee" or "Trustee") for the estate of U.S. Wood Products, Inc. (the "Debtor").

In the Motion, the Appellant claimed that the deadline for the Trustee to file any avoidance actions had passed pursuant to 11 U.S.C. § 546(a).

The Court denied the Motion and determined that pursuant to the plain language of 11 U.S.C. § 546(a)(1)(B), the Trustee was entitled to an extension of the statute of limitations for an additional one year. The Court found that the Trustee, who was appointed within two years of the order for relief and became permanent trustee by operation of Section 702(d), is entitled to the one year extension of the statute of limitations under Section 546(a)(1)(B). The Appellant argues that the bankruptcy court "misread" 11 U.S.C. § 546(a), and therefore the decision should be reversed. It appears that the Appellant contends that the bankruptcy court made an error of law in its interpretation of 11 U.S.C. § 546(a).

However, a review of the language of the statute and the Bankruptcy Court's reasoning reveals that the Bankruptcy Court's decision is not only the correct reading of Section 546(a), but also it is fair and reasonable, supported by public policy and in line with the other decisions in this District.

## V.   STATEMENT OF THE CASE--FACTS AND PROCEDURAL HISTORY

Appellant indicated in its brief that the facts of this case are not in dispute. In addition, the Trustee provided a statement of facts in its brief to the Bankruptcy Court. The Trustee provides herein only an overview of the facts and procedural history for the Court's ease of reference.

On July 31, 2000 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title of the United States Code (the "Bankruptcy Code").

PH1 772428v1 11/07/05

At a hearing on July 29, 2002, the Debtor's counsel presented a global settlement for approval pursuant to Fed. R. Bankr. P. 9019. See Certification of Michael Menkowitz (the "Menkowitz Cert.") submitted with the Appellee's opposition to the Motion and Exhibit "A" thereto for a copy of the transcript of the July 29, 2002 hearing ("Transcript"). The Menkowitz Cert. is included in the Appellants Designation of Items for the Record on Appeal and Statement of Issues on Appeal dated September 20, 2005 (the "Designation") at Item No. 7. The Transcript is included in the Designation at Item No. 8.

When the Court indicated its inclination to deny the settlement motion, Debtor's counsel advised the Court that the statute of limitations to bring avoidance actions would run if the Debtor's case was not converted by July 30, 2002. See Transcript pp. 28-29. The staff attorney representing the Office of the United States Trustee stated that conversion would be in the best interest of the estate "and the avoiding power statute, which the debtor mentions in its motion, by converting today, will be preserved for the creditor body to the greatest extent possible." See Transcript p. 31, lines 11-14. The Bankruptcy Court made its determination to convert the Debtor's case based on the merit of the arguments presented, including the fact that conversion would preserve the statute of limitations for a trustee to bring avoidance actions.

The Bankruptcy Court entered an Order converting the case to one under Chapter 7 of the Bankruptcy Code, effective as of July 30, 2002 and further directed the Office of the United States Trustee *immediately* to appoint a Chapter 7 trustee (the "Conversion Order") [Docket No. 861]. A true and correct copy of the Conversion Order was attached to the Menkowitz Cert. as Exhibit "B" and is included in the Designation at Item No. 9. On July 30, 2002, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee (the "Notice of Appointment")

4

[Docket No. 862]. A true and correct copy of the Notice of Appointment was attached to the Menkowitz Cert. as Exhibit "C" and is included in the Designation at Item No. 10.

In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the potential avoidance actions. The Trustee identified approximately twelve hundred potential defendants who may have received preferential transfers (the "Potential Defendants") ranging from less than $5.00 to in excess of $1 million (the "Avoidance Actions"). The Trustee served demand letters on all Potential Defendants to the extent contact information was available. As a result of the demand letters, the Trustee settled causes of action against approximately one hundred and twenty Potential Defendants. Subsequently, the Trustee filed complaints against certain Potential Defendants.

On June 5, 2003, the Trustee filed a complaint against Panolam seeking recovery of preferential transfers under Section 547 of the Bankruptcy Code in the amount of $ 1,014,635.07 (the "Complaint"). The Complaint is included in the Designation at Item No. 48. On October 1, 2003, the Trustee served the summons and complaint on Panolam. Prior to service of the Complaint, on July 7, 2003, Panolam filed a motion to dismiss the adversary complaint on the grounds that the statute of limitations under Section 546(a) of the Bankruptcy Code had run and the Trustee was barred from bringing the preference action (defined above as the "Motion"). The Motion and related pleadings are included in the Designation at Item Nos. 49-52.

On or about October 30, 2003, the Trustee filed his opposition to the Motion, which together with all related pleadings is included in the Designation at Item Nos. 7-15. On or about January 20, 2004, Appellant filed a reply to the Trustee's opposition, which is included in the Designation at Item No. 16.

After all pleadings regarding the Motion were submitted to the Court, on or about April 7, 2005, the Trustee convened the meeting of creditors pursuant to 11 U.S.C. § 341(a).  The creditors did not elect a new trustee, and the Trustee continued to serve as the first trustee and became the permanent trustee pursuant to 11 U.S.C. § 702(d), with his appointment effective as of the date of the original appointment, July 30, 2002.

Thereafter, on August 20, 2004, the Bankruptcy Court issued an opinion (the "Opinion") and entered an order denying the Motion (the "Order").   The Opinion and Order are included in the Designation at Item Nos. 18-19.  Because an order denying a motion to dismiss is considered interlocutory, Appellant sought leave to appeal, which this Court granted by order entered on September 9, 2005.

In accordance with this Court's procedures, the appeal was referred to mediation.  The parties met with court appointed mediator, Vincent Poppiti.  The efforts to settle the matter through mediation proved unsuccessful, and Appellant now pursues the appeal with this Court.

As noted above, the Trustee filed complaints against numerous Potential Defendants seeking recovery of preferential transfers, including the Appellant.  To date, the Trustee has recovered in excess of $3.1 million on account of avoidance actions.  The action against the Appellant is the only remaining open avoidance action in the case.

PH1 772428v1 11/07/05

# VI. ARGUMENT

## POINT I

### THE BANKRUPTCY COURT'S DECISION THAT SECTION 546(a) AND SECTION 702 EXPRESSLY PROVIDE FOR A ONE YEAR EXTENSION OF THE TIME PERIOD TO BRING AVOIDANCE ACTIONS FROM THE DATE OF THE APPOINTMENT OF THE TRUSTEE WAS PROPER

The Bankruptcy Court properly determined that the plain language of Section 546(a)(1)(B) of the Bankruptcy Code provided the Trustee a one year extension of the time period to bring avoidance actions from the date of his appointment, which appointment occurred within the original two year limitations period.

Section 546(a) establishes the bar date for filing avoidance actions and states that:

(a) An action or proceeding under Section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

    (1) the later of –
        (A) 2 years after the entry of the order for relief; or
        (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

    (2) the time the case is closed or dismissed.  <u>See</u> 11 U.S.C. § 546(a).

The Bankruptcy Code provides that "promptly after the order for relief under this chapter, the United States Trustee shall appoint one disinterested person to serve as interim trustee."  11 U.S.C. § 701(a)(1).  Section 702 of the Bankruptcy Code outlines the procedure for electing a trustee and further states that if no trustee is elected under this section, "then the interim trustee shall serve as trustee in the case."  11 U.S.C. § 702(d).

Essentially, the interim trustee continues to serve as the first trustee in the case where there is no election of a new trustee.  The date of the appointment of the first

7

trustee remains the same, which is the date the United States Trustee first appointed the

Trustee.  Burtch v. Georgia-Pacific Corporation (In re Allied Digital Technologies

Corporation et al.), 300 B.R. 616, 619-20 (Bankr. D. Del. 2003).  There is no "new

appointment" or "reappointment" of a trustee if an election does not occur, but rather, the

appointment remains in effect from the date the trustee is first appointed.

In these proceedings, the United States Trustee appointed the Trustee on July 30,

2002, before the expiration of the two year period under Section 546(a).  There was no

election under Section 702, and the Trustee, who was the "first trustee," continued to

serve as the chapter 7 trustee in these proceedings.   The date of the appointment also

remained in effect after the meeting of creditors was convened in April 2004 and no

trustee was elected, which is supported by the fact that the only notice of appointment

that the United States Trustee issued was the Notice of Appointment dated July 30, 2002.

See Menkowitz Cert. Exhibit "C" (Designation at Item No. 10) for a copy of the Notice

of Appointment.[1]

Appellant contends that the Bankruptcy Court incorrectly interpreted Section

546(a)(1)(B), because Section 546(a)(1)(B) only references Section 702 and makes no

mention of Section 701.[2]  Thus, Appellant argues that Section 546(a)(1)(B) can only be

read to allow a one year extension of the statute of limitations if there is an election of a

---

[1] It is noteworthy that in chapter 7 cases, the United States Trustee issues only one notice of appointment
when the interim trustee continues to serve as the trustee under Section 702(d).  See Point II below for
additional discussion supporting the date of the appointment of the interim trustee as the trigger date, rather
than the date the trustee becomes permanent trustee.
[2] Appellant claims that with the significant amendments made to the Bankruptcy Code this year, Congress
could have amended Section 546.  Appellant contends that Congress demonstrated its intent to exclude
appointments under Section 701 by not amending Section 546.  However, there was no need for Congress
to amend Section 546 when Congress determined that bankruptcy courts have been properly interpreting
this Section in accordance with its plain meaning.  The Bankruptcy Court's decision, as well as the other
decisions in this District, were published  two years prior to the current amendments. *Thus, Congress did
not see a need to amend the statute that has been properly interpreted in accordance with the intentions of
the legislature*.

trustee under Section 702, not an appointment.  Appellant claims that the only Section

that provides for an appointment is Section 701.  However, Section 702(d) does provide

for the appointment of a trustee, essentially a retroactive ratification of the appointment

of the interim trustee if there is no election.

Appellant's understanding of Section 702 is simply wrong.  Because Section

702(d) expressly states if a trustee is "not elected,"  the only means for the interim trustee

to continue is if the interim trustee was appointed.  A trustee is elected under Section

702(a), (b) and (c) and appointed under Section 702(d).  Accordingly,  the Bankruptcy

Court properly concluded that Section 546(a)(1)(B), logically and plainly read, provides a

one year extension to a trustee if elected or appointed under Section 702.

The Appellant claims the Bankruptcy Court erred because it refused to read the

provisions of Section 546(a)(1)(B) in isolation and without any consideration of the

interplay of the various provisions of the Bankruptcy Code.  The Appellant improperly

faults the Bankruptcy Court for reading all of the provisions of Sections 546(a)(1)(B),

701 and 702 together for a reasonable interpretation of these Sections.   Indeed, the Third

Circuit determined, in In re Price, 370 F.3d 362, 369 (3d Cir. 2004), that the meaning of

Bankruptcy Code provisions must be analyzed with reference to contextual features

including, among other things, related provisions, to achieve the goals of the Bankruptcy

Code.  The Price Court explained that "[s]tatutory context can suggest the natural reading

of a provision that in isolation might yield contestable interpretations.  Specifically, in

interpreting the Bankruptcy Code, the Supreme Court has been reluctant to declare its

provisions ambiguous, preferring instead to take a broader, contextual view, and urging

courts to 'not be guided by a single sentence or member of a sentence but look to the provisions of the whole law, and to its object and policy.'" (citations omitted)

In a decision in the United States Bankruptcy Court for the District of Delaware, Judge Case aptly summarized the connection between Sections 546(a)(1)(B), 701 and 702 and how the reference to Section 702 actually includes an appointment under Section 701. Judge Case determined that "Section 702(d) ratifies the appointment of the trustee done under 701, and as a result, a section 701 trustee becomes a section 702 trustee via section 702(d)." Allied Digital Technologies, 300 B.R. at 619. Furthermore, the reference to the "first trustee" "suggests that the statute of limitations should be applied to the interim trustee because the interim trustee is the 'first trustee.'" Id. at 620 (citing In re Parmetex, Inc., 199 F.3d 1029, 1034 (9th Cir. 1999)).

The United States Court of Appeals for the Ninth Circuit noted that the phrase "first trustee" in Section 546(a) indicates that the statute of limitations should be applied to the interim trustee because the interim trustee is the "first trustee." In re Parmetex, Inc., 199 F.3d 1029, 1033 (9th Cir. 1999). Although the Parmetex case addresses the pre-1994 amended Section 546, its reasoning with respect to the date of the appointment of a trustee is instructive for the amended statute as well. The Ninth Circuit found that:

> an interim trustee appointed under [section] 701 is the "functional equivalent" of a permanent trustee elected under [section] 702. This is so because the Bankruptcy Code does not require the permanent trustee to do anything different than that which he had already been doing as the interim trustee. . . all chapter 7 trustees, including the interim trustee, have the same, rights, powers, and duties, including the power to assert claims governed by [section] 546(a)(1).

Parmetex, 199 F.3d at 1033. The Ninth Circuit's observation in Parmetex as well as Judge Case's decision in Allied Digital Technologies that the interim trustee is

effectively the "trustee" is expressly supported in the Bankruptcy Code.  Section 701(c)

states "[a]n interim trustee serving under this section *is a trustee in a case under this title*.

11 U.S.C. § 701(c) (emphasis added).

Another bankruptcy court decision addressing Section 546(a) in its post-1994

amended version also concluded that the date of the appointment of the original trustee,

which coincided with the date of the conversion of the case, qualified as the date of the

appointment of the first trustee under the statute.  See Bergquist v. Vista Development,

Inc. (In re Quality Pontiac Buick GMC Truck, Inc.), 222 B.R. 865 (Bankr. D. Minn.

1998).  In Vista Development, the debtor filed a chapter 11 petition on June 28, 1995.

The Debtor voluntarily converted its case to a chapter 7 case on September 27, 1995 and

on that same date, the trustee was appointed.  The trustee filed a complaint under Section

548 on September 10, 1997.  The bankruptcy court concluded that the appointment of the

trustee on September 27, 1995 was the "appointment of the . . . first trustee" within the

meaning of 11 U.S.C. § 546(a)(1)(B).  Essentially, the Vista Development case

interpreted Section 546(a)(1) as the Bankruptcy Court determined and Trustee contends

is the logical reading of the statute—the appointment of the first trustee is the date on

which the additional one year period commences.[3]

Appellant contends that the Bankruptcy Court erred in reading the Section

546(a)(1)(B) language "1 year after the appointment *or* election of the first trustee under

section 702," as disjunctive rather than conjunctive (italics added).  Appellant argues that

---

[3]  In Vista Development, because the additional one year period ran from September 27, 1995 to September 26, 1996, the two year period from the date of the entry of the order for relief, which was June 28, 1997, was actually the later date under Section 546(a).  The additional year did not serve to increase the time to file avoidance actions beyond the two year period.  In the Debtor's case before this Court, the additional one year period is the later date under Section 546(a), and does extend the time to file avoidance actions beyond the two year period.

11

even though the language specifically includes an "or," which generally means one or the other in both plain English language and statutory interpretation, the Bankruptcy Court was required to read Section 546(a)(1)(B) as extending the statute of limitations only after the election of a trustee under Section 702. The statute, however, clearly states "appointment or election" under Section 702, thus expressly providing that either an appointment or election may occur under Section 702. Furthermore, as noted above, if the provisions of Section 701 and 702 are read together with Section 546(A)(1)(B), it is evident that the Bankruptcy Court's conclusions were based on the proper reading of each of these provisions. That is, Section 546(a)(1)(B) is triggered by the election of a permanent trustee under Section 702 ***or*** by the appointment of an interim trustee under Section 701 and 702(d).

Appellant also claims that even if Section 702(d) is read to provide for the appointment of a trustee, the "appointment" does not occur until a trustee becomes the permanent trustee (when no other trustee is elected) at the meeting of creditors. This is not supported by the plain language of Sections 701 and 702 or by the practices of the United States Trustee with respect to appointments of trustees. As noted above, there is only one "appointment" date for the first trustee in a case, and that is the date the trustee is appointed interim trustee in a case. Pursuant to Section 702(d), the interim trustee becomes the permanent trustee if there is no election, and this ratification of his/her position as trustee is retroactive to the date the trustee is first appointed. See Allied Digital Technologies, 300 B.R. at 620 ("The date of legal significance is the date on which the first Interim Trustee was appointed under section 701, not the date on which the meeting of creditors took place or the date of appointment of the Successor Interim

PH1 772428v1 11/07/05

Trustee.")  There is no "re-appointment" or "new appointment" of an interim trustee who becomes the permanent trustee.  Indeed, the Office of the United States Trustee only makes one appointment of a first trustee in a case.  See copy of Notice of Appointment at Designation Item No. 10.  The Bankruptcy Court properly determined that the appointment of the Trustee was the date he was first appointed, and the ratification or the step to become permanent trustee  by operation of Section 702(d) does not change this date.

Moreover, the Bankruptcy Court noted that there is no division in this District with respect to the application of Section 546(a) to the facts and circumstances of this case, that is, where a first interim trustee that continues to serve as the trustee in a case is provided a one year extension, so long as the appointment as interim trustee was within the two years after the Petition Date.  See  Singer v. Kimberley-Clark Corp. (In re American Pad & Paper Co.), 307 B.R. 459 (Bankr. D. Del 2004);[4] Burch v. Georgia-Pacific Corporation (In re Allied Digital Technologies Corporation et al.), 300 B.R. 616 (Bankr. D. Del. 2003).  Essentially, the courts in this District agree that Section 546(a)(1)(B) is triggered by the election of  a permanent trustee under Section 702 or by the appointment of an interim trustee under Section 701 and Section 702(d), so long as the election or appointment occurs within the two years after the order for relief.

---

[4] In American Pad & Paper, the interim trustee was appointed within the two years after the Petition Date. However, a permanent trustee was later elected, after the two year period.  Judge Fitzgerald determined that the elected trustee was not entitled to the one year extension because he was elected two years after the Petition Date, that is, the election took place after the two year period expired.  As noted by the bankruptcy court in the decision to deny the Appellant's Motion, Judge Fitzgerald indicated that if the trustee had been appointed or elected within the two year period, he would have been entitled to the additional one year. Appellant attempts to minimize the fact that there was an election two years after the Petition Date in American Pad & Paper.  However, this is a critical fact and one that convinced Judge Fitzgerald that the one year extension was not applicable.  In American Pad & Paper, if the election occurred within the two year period, the limitations period would have been extended for one year.

Appellant misleads this Court with its discussion of <u>In re American Pad & Paper Co.</u>, 319 B.R. 791 (D. Del. 2005). The District Court did not reject the reasoning applied by the Bankruptcy Court in this case. In <u>American Pad & Paper</u>, the trustee had been elected two years <u>after</u> the order for relief, thus falling outside of the limitations period outlined in Section 546(a)(1)(B). In affirming the bankruptcy court's decision (which was effectively the same as the decision of <u>Singer v. Kimberley-Clark Corp. (In re American Pad & Paper Co.)</u>, 307 B.R. 459 (Bankr. D. Del. 2004) cited by Judge Walrath in the Opinion), the District Court noted: "[t]he application of the statute is not complex: if, for example, a trustee is ***elected or appointed*** within two years from the entry of the order for relief, then the trustee is granted an additional year from the date of his or her appointment or election to commence the avoidance action." <u>American Pad & Paper</u>, 319 B.R. at 794 (emphasis added). This is exactly how the Bankruptcy Court read Section 546(a)(1)(B) in this case. The Bankruptcy Court properly determined that the Trustee was appointed within two years from the entry of the order for relief, and thus, granted an additional year to pursue avoidance actions. In fact, the <u>American Pad & Paper</u> decision of the District Court supports the Bankruptcy Court's reading of Section 546(a)(1)(B).

Contrary to the Defendants' contentions, the express statutory provisions of Section 546(a), 701 and 702 provide that the Trustee's appointment as first trustee on July 30, 2002 is the trigger date for the additional one year period to bring an avoidance action, and the Bankruptcy Court's reading of these Sections was proper. This Court should affirm the Bankruptcy Court's decision.

**POINT II**

**IF THE COURT DOES NOT AFFIRM THE DECISION OF THE
BANKRUPTCY COURT FOR THE REASONS SET FORTH IN THE
BANKRUPTCY COURT'S OPINION, THIS COURT SHOULD DETERMINE
THAT SECTION 546(a) IS AMBIGUOUS AND MUST BE INTERPRETED IN
ACCORDANCE WITH THE POLICY CONSIDERATIONS UNDERLYING THIS
SECTION AS WELL AS THE ENTIRE BANKRUPTCY CODE**

If this Court does not agree that the Bankruptcy Court properly interpreted the
express language of Sections 546(a), 701 and 702 to provide that the date of the
appointment of the interim trustee under Section 701 serves as the appointment under
Section 702 when there is no election, then it is respectfully submitted that the Court
must conclude that Section 546(a) is ambiguous and leads to illogical and confusing
interpretations.  See Allied Digital Technologies, 300 B.R. at 619-620.

Section 546(a) states that the date to file avoidance actions is extended for a one
year period from the date of the appointment or election under section 702, 1104, 1163,
1202 or 1302 of title 11.  If, as Appellant argues, Section 702 cannot be read to provide
for an appointment,  then it can only be read to provide for an election of a trustee.  If the
trigger date for extending the statute of limitations is only the "election" of a trustee
under Section 702, which practically never happens, then Section 546(a) is virtually
meaningless and leads to absurd results.  Interpreting Section 702 as only addressing
elections of trustees and not the appointment of trustees (which the Appellant suggests,
but the Trustee contends is incorrect), will lead to multiple inconsistent interpretations of
Section 546(a).

15

One plausible interpretation of the statute would be the one described above in Point I, where the appointment under Section 701 simply remains in effect under Section 702 if there is no election.[5]  Under this interpretation, the "election or appointment" under Section 702 encompasses the appointment of a trustee under Section 701 pursuant to Section 702(d).  This interpretation is the most logical and comports with policy considerations underlying the Bankruptcy Code.

Another interpretation would be the one advanced by the Appellant, which is, that the one year extension of time only occurs if a trustee is elected under Section 702.  In the opening brief, Appellant sets forth all of the reasons it believes support its interpretation and the Trustee will not reiterate the arguments here.  The Trustee submits that Appellant's interpretation of Section 546(a)(1)(B) starkly contrasts the Trustee's interpretation.

It is apparent from just these two examples that Section 546(a) may be susceptible to multiple interpretations with respect to the date the additional one year period commences.  If the literal application of a statute produces  "a result demonstrably at odds with the intentions of its drafters," the plain language does not control.  United States v. Ron Pair Enterprises, Inc. 489 U.S. 235, 243, 109 S.Ct. 1026, 1031 (1989) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 3250 (1982)); See also In re Continental Airlines, Inc. 932 F.2d 282, 287 (3d Cir. 1991).  In such cases, the Court looks to congressional intent as well as public policy and the policies underlying the provision. See In re Telegroup, Inc., 281 F.3d 133, 138 (3d Cir.

---

[5] As noted in Point I above, the Trustee contends that the logical reading of Sections 546(a) and 702, where the appointment of a trustee under Section 701 simply continues where there is no election is the plain reading of the statute and furthers public policy considerations of Section 546(a).  The Trustee includes it as one example of the possible multiple interpretations, but submits that it is the accurate reading of the statute, which is further supported by the decisions in this District.

2002) (where section of bankruptcy code susceptible to multiple interpretations, court reviewed provision's legislative history and policies underlying provision).

The legislative history of Section 546 supports the interpretation that the *date* of the appointment of the first trustee under Section 701 is the trigger date for commencing the additional one year period.  See Allied Digital Technologies 300 B.R at 619.

Prior to the revisions enacted in 1994, Section 546(a) was the subject of much dispute and multiple interpretations. See generally Maurice Sporting Goods, Inc. v. Maxway Corporation (In re Maxway Corporation) 27 F.3d 980 (4th Cir. 1994), cert. denied 513 U.S. 1018, 115 S.Ct. 580 (1994); Construction Mgt. Servs., Inc. v. Manufacturers Hanover Trustee Co. (In re Coastal Group, Inc.)  13 F.3d 81 (3d Cir. 1994).  Congress attempted to rectify these various interpretations by adding the provision "1 year after the election or appointment of the first trustee. . . "  11 U.S.C. 546(a)(1)(B).  It is clear from this language that Congress sought to give an additional year for the first trustee to investigate avoidance actions.[6]

Furthermore, the comments in the legislative history support that the commencement of the additional one year period is the date of the appointment of the first trustee under Section 701.  The legislative history provides that "[t]his section defines the applicable statue of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2 year period." 140 Cong. Rec. H10752-01 (October 4, 1994, Section 216 Limitation of avoiding powers).

Additionally, Senator Hatch made the following comments:

---

[6] Providing a trustee with an additional year also furthers the policies under the Bankruptcy Code to enable a trustee to maximize the estate for the benefit of all creditors.

The House has added a new provision, section 216, to the Bankruptcy Reform Act and I would like to clarify my belief as to the purpose and intent of including this section. It is my understanding that the current statute of limitations contained in section 546(a) of title 11 requires that an avoidance action be brought within 2 years of the filing of a chapter 11 petition, even if a trustee or other estate representative is subsequently appointed or the case is later converted. Thus, under current law, if a trustee or other estate representative is appointed after the current 2 year statute of limitations expires, any actions which the trustee may discover are time-barred. **This amendment has arisen from the perceived need to provide a period of time for a later _appointed_ bankruptcy estate representative to investigate and institute actions**. 140 Congressional Record S14465 (October 6, 1994) (emphasis added).

It is unmistakable from the legislative history that the statute of limitations is meant to be preserved upon the conversion of a case within the two year period, which is what occurred in the Debtor's case. Furthermore, it is clear that the trigger date for the additional one year period is the appointment of the first trustee, which occurs under Section 701 and continues pursuant to Section 702(d).

Prior to the 1994 amendments, several courts interpreted "appointment under Section 702" to mean the date a trustee qualifies as a permanent trustee under Section 702(d), which is generally the date of the first meeting of creditors. The courts apparently employed this interpretation to provide for the most expansive period in which to bring avoidance actions. For example, in a case that commenced with a chapter 7 petition, the two year period would actually be slightly longer if calculated from the date of the meeting of creditors, rather than the order for relief. Some courts justified this interpretation by reasoning that the interim trustee does not have all of the duties of a permanent trustee. See, e.g., Maxway Corporation, 27 F.3d at 984 (interim trustee has limited role of performing administrative functions and not likely to institute avoidance actions). As noted in Point I above, under the current law, the interim trustee has the

duties and obligations of a trustee in a chapter 7 case, and there is no basis or authority for a distinction between the interim trustee and the permanent trustee.  See Parmetex, 199 F.3d at 1033; 11 U.S.C. § 701(c); see also In re Coastal Group, 13 F.3d at 84 (Third Circuit rejected proposition that debtor-in-possession had different duties from trustee) and  Allied Digital Technologies, 300 B.R. at 619 (Section 702(d) "[reinforces] that there is no practical difference between the powers of an interim trustee and those of the permanent trustee.  Section 701(c) also grants the interim trustee full authority to act as the trustee in the case, pending the meeting of the creditors.")

In fact, one bankruptcy court that had used the date the interim trustee becomes the permanent trustee as the trigger date under the pre-1994 statute recognized that such an interpretation was likely to be questionable under the post-1994 amended statute. Biggs  v. Biljo, Inc. (In re Goetz), 175 B.R. 743, 746 fn.1 (Bankr. C.D. Ca. 1994).   The Biggs court stated:

> [a]lthough [the amendment to Section 546(a) in 1994] does not apply to the case at issue here, it is worthy of note that the application of the plain meaning rule to the question of whether appointment (or election) under Section 702 produces a coherent statutory scheme would be less certain under the new provisions.  In cases where the two year limitation under new section 546(a)(1)(A) (sic) runs during the period of six or more weeks between conversion of a case and the first opportunity to elect or appoint a permanent trustee under Section 702 at the meeting of creditors, the legislative desire to give an independent trustee a year to pursue avoidance actions for the benefit of the estate will be frustrated.  Id.

In fact, in this case, interpreting Section 546(a) to mean the Trustee's one year period did not commence until he became "permanent" trustee frustrates legislative intent and the underlying policies of the Bankruptcy Code to provide a trustee with the means to

maximize the estate for the benefit of all creditors.[7]   There simply is no basis to use the

702(d) date as the commencement of the time period in light of the legislative comments

and the duties imposed on a trustee immediately upon appointment and conversion of the

case.

As a final note, it is apparent from the hearing on July 29, 2002, that the Debtor,

the Office of the United States Trustee, the creditors committee and even the Court relied

on an interpretation of Section 546(a) that provided for the preservation of the statute of

limitations immediately upon the appointment of the interim trustee.  Although the

doctrine of judicial estoppel is usually applied against a defendant who attempts to

change its position or take an inconsistent position in the same court proceeding, the

doctrine could be applied here in order to protect the integrity of the Court and avoid the

injustice of permitting an inconsistent conclusion of law.  See Krystal Cadillac-

Oldsmobile GMC Truck, Inc. v. General Motors Corporation, 337 F.3d 314, 318 (3d Cir.

2003).

**[The remainder of this page intentionally left blank]**

---

[7] If the Court is going to interpret the roles of the interim and permanent trustee as different and distinct, then some sort of tolling must be employed in this case to allow for the time lag between the appointment of the interim trustee and the meeting of creditors.  Otherwise, there is a serious injustice to the estate and its creditors.

## VII.   <u>CONCLUSION</u>

Avoidance actions are a very important part of a debtor and trustee's powers to maximize the estate for the benefit of all creditors.  Preservation of statute of limitations must be read broadly and in favor of maximizing the estate.  Indeed, the current statute of limitations specifically provides the trustee an additional year to assert avoidance actions, where a debtor has not done so in the first two years of the case.  The Bankruptcy Court properly read the plain language of Section 546(a)(1)(B) to permit a one year extension of the statute of limitations because the Trustee was the first trustee appointed or elected under Section 702.  The Bankruptcy Court concisely stated its interpretation of Section 546 in the Opinion.  This Court should affirm the Bankruptcy Court's decision.

FOX ROTHSCHILD LLP

By:   _/s/ Sheldon K. Rennie_____
   Sheldon K. Rennie, Esquire
   Delaware Bar No. 3772
   919 North Market Street, Suite 1300
   Wilmington, DE  19801-3046
   Tel (302) 654-7444/Fax (302) 656-8920
   srennie@foxrothschild.com
    and
   Michael G. Menkowitz, Esquire
   Magdalena Schardt, Esquire
   Mark G. McCreary, Esquire
   2000 Market Street, 10th Floor
   Philadelphia, PA  19103-3291
   Tel (215) 299-2000/Fax (215) 299-2150
   mmenkowitz@foxrothschild.com

Attorneys for Montague Claybrook, Chapter 7 trustee for the estate of US Wood Products, Inc.

Dated: November 7, 2005

21