```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF DELAWARE


In re:                        ) Chapter 7
US WOOD PRODUCTS, INC.,       ) Bk. No.  00-03198(MFW)
                              ) Adv. No. 03-53656
         Debtor.              )
_____)

PANOLAM INDUSTRIES, INC.,     )
et al.,                       )
                              )
         Appellants,          )
                              )
    v.                        ) Civ. No. 04-1265-SLR
                              )
MONTAGUE CLAYBROOK, CHAPTER 7 )
TRUSTEE,                      )
                              )
         Appellee.            )
```

**O R D E R**

At Wilmington this 31st day of March, 2006, having reviewed the appeal filed by Panolam Industries, Inc. and the papers filed in connection therewith;

IT IS ORDERED that said appeal is denied and the August 20, 2004 opinion and order of the bankruptcy court is affirmed, for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor

Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** The underlying bankruptcy case of U.S. Wood Products, Inc. was commenced when the debtor filed its voluntary bankruptcy petition on July 31, 2000. The bankruptcy case was initially filed as a chapter 11 reorganization case, but was converted to a chapter 7 liquidation by an order of the bankruptcy court entered on July 29, 2002. On July 30, 2002, the United States Trustee appointed appellee, Montague Claybrook, as the interim chapter 7 bankruptcy trustee, pursuant to 11 U.S.C. § 701(a)(1). The first meeting of creditors in the chapter 7 proceedings was held on April 7, 2004. Because the creditors

attending the meeting did not request the election of a trustee, appellee has continued to serve as trustee in the case, pursuant to 11 U.S.C. § 702(d).

3. On June 5, 2003, appellee filed a complaint commencing this adversary proceeding against appellant Panolam. The complaint seeks to avoid and recover from Panolam certain preferential payments, pursuant to 11 U.S.C. § 547. Panolam filed a motion in the bankruptcy court to dismiss the lawsuit as time-barred by the 2-year statute of limitations contained in 11 U.S.C. § 546(a)(1)(A). The bankruptcy court denied the motion, finding that the July 30, 2002 appointment of appellant as interim trustee was an event that triggered the 1-year extension of the limitations period, as authorized by 11 U.S.C. § 546(a)(1)(B).

4. **Analysis.** I find no error in the bankruptcy court's decision. Under § 546, a preference action is timely commenced if filed no later than 2 years after the entry of the order for relief or 1 year after the appointment or election of the first trustee under § 702, if such appointment or such election occurs before the expiration of the 2-year period. In this case, the trustee was appointed on July 30, 2002, before the expiration of the 2-year period under § 546(a), and the complaint was filed on June 5, 2003, within 1 year of the appointment. The fact that the appointment was first made pursuant to § 701, rather than §

702, does not change this result, when the United States Trustee issued only one Notice of Appointment dated July 30, 2002 and § 702(d) specifically provides that an interim trustee "shall serve as trustee in the case" if a trustee is not elected at the § 341 meeting of creditors.

                                                           _____
                                                          United States District Judge