UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| US WOOD PRODUCTS, INC., | Bankruptcy Case No. 00-03198 (MFW) |
| Debtor. | |
| PANOLAM INDUSTRIES, INC., *et al.*, | |
| Appellants, | Civil Action No. 1:04-cv-01265 (SLR) |
| V. | |
| MONTAGUE S. CLAYBROOK, | |
| Appellee. | |

### MOTION FOR REARGUMENT BY APPELLANT, PANOLAM INDUSTRIES, INC.

Panolam Industries, Inc. ("Panolam"), states as follows for its Motion for Reargument:

1. **Jurisdiction:** This is an appeal, by Panolam, of an order of the bankruptcy court below denying Panolam's motion to dismiss bankruptcy trustee Montague Claybrook's bankruptcy preference complaint against Panolam as barred by the statute of limitations contained in Bankruptcy Code § 546(a), 11 U.S.C. § 546(a). The bankruptcy court's order was an interlocutory order. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(3) because the Court granted Panolam's motion for leave to appeal the bankruptcy court's order.

2. **Motion for Reargument Authorized:** On March 31, 2006, the Court entered its Order affirming the order of the bankruptcy court below. Delaware Local Rule 7.1.5. permits this Motion for Reargument, and this motion is timely filed, within 10 days after the Court's entry of the March 31, 2006 Order.

3. **Background:** In the underlying bankruptcy preference lawsuit, the trustee seeks to avoid and recover from Panolam $1,014,635.07 of alleged preferential payments Panolam received from the debtor in bankruptcy, U.S. Wood Products, Inc., within the last 90 days before the commencement of U.S. Wood Products' bankruptcy case on July 31, 2000.

4. Because this Court's Order is interlocutory, like the bankruptcy court's order, the court of appeals would lack appellate jurisdiction to consider an appeal of this Court's Order unless and until the case is remanded the bankruptcy court, tried on the merits, and a final judgment is entered and appeal once again proceeds through this Court. See 28 U.S.C. § 158(d) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.").

5. The basis for this Court's March 31, 2006 order was essentially that the appointment of the trustee as interim Chapter 7 trustee, pursuant to Bankruptcy Code (11 U.S.C.) § 701(a)(1), on July 30, 2002, was an event that triggered a 1-year extension of the limitations period to sue for preferences pursuant to § 546(a)(1)(B) of the Bankruptcy Code, 11 U.S.C. § 546(a)(1)(B), despite the fact that § 701 is not among the

sections listed in § 546(a)(1)(B) as triggering the extension. *See March 31, 2006 Order*, pp. 3-4.

6. **Grounds for Reconsideration:** On about April 4, 2006, District Judge Kent Jordan reached the opposite conclusion to the conclusion reached by this Court's March 31, 2006 Order in *Georgia-Pacific Corporation v. Burtch*, Misc. Nos. 03-157 (KAJ) and 03-158 (KAJ), on essentially identical operative facts. Copies of Judge Jordan's Memorandum Opinion and Order are attached together as Exhibit A. Judge Jordan's opinion held that the trustee's preference lawsuits against Georgia-Pacific Corporation and Unisource Worldwide, Inc. are barred by the statute of limitations because they were filed more than 2 years after the commencement of the underlying bankruptcy case of Allied Digital Technologies, and that the appointment of Jeoffrey Burtch as interim Chapter 7 trustee under Bankruptcy Code § 701 was not an event which gives rise to a 1-year extension of the limitations period under § 546(a)(1)(B). Indeed, Judge Jordan *reversed* the bankruptcy court's opinion in *Burtch v. Georgia-Pacific Corp. (In re Allied Digital Technologies Corp.)*, 300 B.R. 616 (Bankr.D.Del. 2003), which is one of the principal authorities upon which the bankruptcy judge in the present case based her opinion in declining to dismiss the trustee's lawsuit against Panolam.

7. The decision of this Court in the March 31, 2006 Order and the decision of Judge Jordan in the *Burtch* case are in irreconcilable conflict. Panolam submits that it is therefore in the interest of justice for the Court to grant reargument and reconsider the

basis for the Court's March 31, 2006 Order. In this respect, Panolam also requests that the Court grant a hearing to hear and consider the arguments of counsel.

## CONCLUSION

For all the reasons stated above, Appellant, Panolam Industries, Inc., requests that the Court enter an order granting reargument of this case in a hearing at which the Court can hear and consider the arguments of counsel.

Dated: April 10, 2006
Wilmington, DE

*[signature]*

PEPPER HAMILTON LLP
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Donald J. Hutchinson, Esq.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
(313) 963-6420

*Counsel for Panolam Industries, Inc.*