IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| US WOOD PRODUCTS, INC., | ) Bky. No. 00-3198-MFW |
| | ) Adv. No. 03-53656 |
| Debtor. | ) |
| | |
| PANOLAM INDUSTRIES, INC., et al., | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) Civ. No. 04-1265-SLR |
| | ) |
| MONTAGUE S. CLAYBROOK, Chapter 7 Trustee, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM ORDER

At Wilmington this 13th day of March, 2007, having reviewed appellants' motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 16) is granted. The United States Court of Appeals for the Third Circuit has recently issued an opinion that resolves the question of law presented in this case. In <u>In re American Pad & Paper Co.</u>, ___ F.3d ___, 2007 WL 624346 (3d Cir. March 2, 2007), the Court concluded that 11 U.S.C. § 546(b) "puts all parties in interest on notice that the time for filing of avoidance actions will expire in two years, with the possibility of an additional one year if a trustee is appointed or elected under sections 702, 1104, 1163, 1202 or 1302 before the two

years expire." Id. at *7. Finding that the language of § 546(b) is unambiguous, the Court held that the appointment of an interim trustee pursuant to 11 U.S.C. § 701 does not trigger the additional one-year period under § 546(b), as § 701 is not an enumerated section. Id. at *3. As that holding is applied to the undisputed facts of this case, appellee did not become the permanent trustee by operation of law, pursuant to 11 U.S.C. § 702(d), until after the two-year period of limitations had expired.[1] Therefore, the one-year extension was not triggered and the adversary proceeding at bar was not timely filed. For these reasons,

IT IS FURTHER ORDERED that the August 20, 2004 opinion and order of the bankruptcy court is reversed, and the case is remanded for proceedings consistent with this order.

_____
United States District Judge

---

[1] The debtor at bar filed its voluntary petition for relief on July 31, 2000. The two-year statute of limitations under § 546(b) expired on July 31, 2002. Appellee was appointed as interim trustee under § 701 on July 30, 2002. He was not made the permanent trustee, pursuant to § 702(d), until April 7, 2004, the time of the § 341 creditors meeting. The adversary proceeding at bar was commenced in June 2003, within one year of the § 701 appointment, but well after the July 31, 2002 expiration date. See Claybrook v. Ponderosa Industrial de Mexico, 2004 WL 1877730 (Bkrtcy. D. Del. August 20, 2004) *1.